## AMERICAN SAFETY RAZOR CORPORATION v. UNITED STATES.

### No. L-510.

Court of Claims.
June 4, 1934.

John Enrietto, of Washington, D. C. (Charles D. Hamel and Hamel, Park & Saunders, all of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The defendant, among other things, in its motion to amend the findings asks that the date on which the Commissioner first rejected the claims for 1923, 1924, and 1925, which by stenographic error was stated to be December 17, 1927, be corrected to read May 7, 1928, and also that in the sixth paragraph of the findings the date of the order of the Board of Tax Appeals allowing depreciation of patents for the years 1921 and 1922 be inserted. We have sustained the motion to this extent, and the motion to amend the findings is otherwise overruled. These changes do not militate against the former decision. On the contrary, if anything, they tend to support it, as the findings will then show that plaintiff's letter of May 29, 1929, which we construe as an application for reconsideration, was received by the Commissioner within two years from the time when he first rejected the claim for refund in controversy here.

It is urged on behalf of defendant that the evidence does not support the last finding to the effect that the claim of plaintiff was reconsidered on its merits. In the original opinion the court did not review the evidence and will not now except to call attention to the fact that the findings show in substance that the Commissioner, on May 7, 1928, rejected the claim for depreciation of patents for the year 1923; but, after an application for reconsideration had been received and on December 11, 1930, in a communication which was in effect a rejection of the claim, the Commissioner wrote plaintiff that he had determined an overassessment for that year with others as a result from the allowance of deductions for amortization of patents, but that, by reason of the time of filing the application for reopening the claim for refund, overassessments allowable were limited to taxes paid within five years. In other words, the Commissioner first rejected plaintiff's claim on its merits. Subsequently he decided that the claim was well founded and allowed it so far as the merits were concerned, but took up a new question and held in effect that by reason of the delay the claim was now barred by the statute of limitations. We think it needs no argument to show that such a change could not be effected without a reconsideration of the claim.

On reconsideration of the legal questions involved, we are content with the views expressed in the opinion originally filed to the effect that the period of limitation is prescribed by statute and cannot be varied by a Bureau regulation. The findings show that the taxpayer was lured into delay by an apparent reconsideration of its case, and that after it had been reconsidered was informed that its claim was just but could not be paid because the period of limitation had expired. The construction adopted by the Bureau officials would permit them to create what the Supreme Court has called a "pitfall for the

unwary" through a barren technicality. Such a proceeding ought not to be sustained unless the statute peremptorily requires it, and we are clear that it does not.

The motion for new trial and to set aside the judgment must be overruled, and it is so ordered.