## C. F. HOVEY CO. v. UNITED STATES.*
### No. J—673.

Court of Claims.
June 3, 1935.

*For supplemental opinion, see 12 F. Supp. ——.

William P. Smith, of Washington, D. C., for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, WHALEY, WILLIAMS, and LITTLETON, Judges.

GREEN, Judge.

This is a suit for refund of income and excess profits tax paid for the fiscal years ending January 31, 1918, 1919, and 1920. Claims for refund were filed February 1, 1924, for each of these years alleging in substance, among other things, that the Commissioner had failed to properly compute plaintiff's invested capital in that plaintiff was not allowed anything for good will and also that its capital had been improperly reduced by excessive deductions for depreciation. On May 24, 1924, plaintiff filed an appeal to the Commissioner on the various points of its tax liability for the years 1917 to 1920, inclusive, in which the plaintiff stated that it withdrew all points at issue except that of good will. On December 6, 1924, the Commissioner rejected plaintiff's claim for refund for 1919, and on May 13, 1925, by a statement in a so-called sixty-day deficiency letter plaintiff's claims for refund for the other years in controversy were rejected. On July 11, 1925, plaintiff filed an appeal with the Board of Tax Appeals from the Commissioner's decision rejecting the claims for refund alleging that the Commissioner erred in his computation of invested capital by refusing to allow any value for good will; and on June 22, 1926, the Board held that the plaintiff was entitled to have the amount of $200,000 included in its invested capital for good will paid in for stock. As a result of the decision of the Board of Tax Appeals, the Commissioner made changes in the amount of invested capital of plaintiff as theretofore fixed by him and for each of the fiscal years 1918, 1919, and 1920, included in his calculation the item of $200,000 for good will. Having recomputed the taxes of these years on this basis, the Commissioner signed certificates of overassessment for each of the fiscal years 1918, 1919, and 1920. On February 24, 1927, the Commissioner signed a schedule of refunds and credits in which the amounts of the overassessments with interest thereon were listed as refundable. The amount so listed with interest was subsequently paid to plaintiff.

The petition in this case was filed December 11, 1928, which is more than two years after plaintiff's claims for refund were definitely rejected and more than five years after any of the taxes in suit were paid. It is therefore contended by defendant that plaintiff's action is barred. The plaintiff contends, on the other hand, that when in 1927, as a result of the decision of the Board of Tax Appeals, the Commissioner made a certificate of overassessment for each of the years in controversy, the refund claims were reopened and reconsidered, and that consequently the plaintiff's action was begun in time.

We have heretofore held that where an application for reconsideration is pending and the Commissioner makes a partial allowance in the ascertainment of which he necessarily reviews the whole claim, this constitutes a reconsideration of the claim for refund. But in the case now before us there was no application for reconsideration pending as plaintiff had specifically withdrawn all objections against the taxes assessed except as involved in the value of the good will which it claimed should have been included in its invested capital and as to which it had taken an appeal to the Board of Tax Appeals. What the Commissioner did was not a reconsideration of the claim for refund, it was merely a compliance with the decision of the Board of Tax Appeals and a correction of the error which he had made in computing plaintiff's tax. The correction was not the result of any reconsideration, it was merely a mathematical computation in accordance with the decision of the Board and we do not think it constituted **a reopening of the claim.**

Nor do we think it constituted a second rejection of any part of the claim. In the case of American Safety Razor Corp. v. United States, 6 F. Supp. 293, 7 F. Supp. 196, 79 Ct. Cl. 141, the plaintiff had filed a claim for refund which had been rejected. Thereupon it filed an application to reopen the claim and took an appeal to the Board of Tax Appeals. The Board of Tax Appeals decided in plaintiff's favor, and after its decision the Commissioner took action which the court found to be in effect a reconsideration of the whole claim and allowed the claim in part in accordance with the decision of the Board. In the case last cited we held that the statute of limitations did not begin to run until the claim was rejected on reconsideration. It will be observed that this decision was based on the facts in the case which were quite different from those in the case at bar. Whether there is a reconsideration and a second rejection of the claim must depend on the circumstances of the case. Cf. Mutual Chemical Co. v. United States, 5 F. Supp. 550, 78 Ct. Cl. 664. In the instant case we do not think the facts found show any reconsideration and conclude that plaintiff's case is barred by the statute of limitations.

What we have said above makes it unnecessary for us to pass on the contention of defendant that plaintiff has failed to show by a preponderance of the evidence that the Commissioner made any excessive deductions from invested capital for depreciation in computing the taxes for the years involved.

It follows that plaintiff's petition must be dismissed, and it is so ordered.