Mr. Justice CLIFFORD.
 

 This is a writ of error to the Circuit Court of the United States for the Southern District of New York. According to the transcript, the suit was commenced by the present defendant against Edward" Curtis, in the Superior Court of the^City of New York, to recover back an alleged excess of duties paid by the plaintiff upon certain goods and merchandize imported into the Port of New York during the period that the defendant in the Court below was the Collector of the Customs of that port Date of the writ does not appear, nor is it of any importance in this investigation, as the record of the suit was on the 1st day of February, 1847, duly trans ferred under the 3d section of the Act of the 2d of March, 1833 into the Circuit Court of the United States, where all the pro ceedings in the suit took place, which are now the subject of revision. 4 Stat. at Large, p. 633. Suit was upon promise's, and the declaration contained the common counts as in
 
 indebitatus assumpsit.
 
 Subsequently to the transfer of the record, the defendant, then in full- life, appeared and pleaded that he never promised in manner and form as the plaintiff had alleged against him, and upon that issue the parties at the April Term, 1849, went to trial. To maintain the issue on his part, the plaintiff produced and gave in evidence an original entry made by him at the custom-house in the Port of New York on the 1st day of September, 1842, of certain goods and merchandize imported into that port-from St. Petersburg, in Russia, in the Russian ship
 
 *475
 
 Nicholay Savin, and which goods and merchandize were duly consigned to the plaintiff by the shipper and owner. Three packages were specified in the entry, of which two consisted of hemp in bundles, and the other of iron in bars, hammered. As described in the entry, one of the packages of hemp contained fifty bundles and the other fifteen, and the package of iron contained eighteen hundred and thirty-five bars.
 

 Unmanufactured hemp by the Act of, the 80th of August, 1842, was subject to a duty of $40 per ton, but manilla, sunn, and other hemps of India were subject to a duty of only $25 per ton. These provisions of the Tariff Act under consideration are plain and clear, and by reference to the 4th section of the act it will be seen that iron in bars or bolts, not manufactured in whole or in part, was subject to a duty of $17 per ton. 5 Stat. at Large, pp. 550, 551.
 

 Parties admitted at the trial that the defendant was the Collector of-the Port of New York at the time the entry was made, and that he, as such collector, pursuant to the instructions of the Department, charged on the hemp included in the entry a duty of $40 per ton, under the before-mentioned Act of Congress. They .also admitted that the dutiés on the hemp as charged by the collector amounted to $2,575.38, and that the duties charged at the same time on the iron included in the entry amounted to $848.56, making an aggregate charge for duties on the whole importation of $3,423.94. Demand of that amount as the proper charge for the duties on the importation was made by the defendant on the day of the entry, and the plaintiff on the same day protested against the payment of the same in writing, as appears oh the margin of the' entry in the words following, to wit:
 
 “
 
 I hereby protest against the payment of the duty charged in this entry on account that there exists ■no law authorizing the exaction of said duty.” But the whole sum, notwithstanding the protest, was exacted by the defendant, and the plaintiff accordingly, on the 6th day of the same month, paid tbe amount charged, and on the same day the defendant paid the same into the Treasury of the United States. Plaihtiff insisted at the trial that lay virtue of the 6th and 7th articles of
 
 *476
 
 tbe' Treaty -between tbe United States and Russia tbe hemp included'in tbe entry could only be charged with tbe same duty as that imposed in tbe Tariff Act on tbe hemps of India, because tbe articles of tbe treaty referred to stipulate in effect that no higher duty shall be imposed on tbe produce of Russia imported here than is imposed on the like articles "of produce imported from the most favored nations. 8 Stat. at Large, 446.
 

 Evidence was accordingly introduced by tbe plaintiff tending to show that both tbe Russian hemp and tbe hemps of India are known in trade and commerce as bemp, and that both are used in tbe manufacture of cordage, and serve substantially tbe same purposes. On tbe other band, tbe defendant proved, or it was admitted, that all tbe hemps of India are tbe products not of tbe
 
 cannabis 'sativa,
 
 tbe ordinary bemp plants Of Russia and tbe United States, but of other and different plants and trees, and upon tbe exhibition of tbe.foregoing proofs both parties rested.
 

 Defendant controverted tbe position assumed by the plaintiff that tbe rate of duty could not exceed that imposed by law on tbe hemps of India, and also insisted that tbe action could not be maintained against him because tbe protest of tbe plaintiff did not set forth any distinct and specific ground of objection to tbe payment of tbe duties charged on the hemp, and certainly did not set forth distinctly and specifically any such grotind of objection to tbe payment of tbe same as that assumed by tbe plaintiff, or in any manner discriminate between tbe duties charged on tbe bemp and tbe duties charged on tbe iron included in tbe same entry, but placed tbe objection to tbe payment of tbe moneys solely on tbe' general ground that there was no law authorizing tbe exaction.
 

 ' Prayers for instructions were presented by the defendant, affirming that tbe bemp was legally chargeable with a duty of $40 per ton, and also embodying tbe substance of tbe foregoing objections to the right of the plaintiff to maintain tbe action, but tbe presiding justice concurring with tbe plaintiff upon the merits, refused tbe requests, and, among other things, instructed the jury that tbe action might be maintained, although it was an action of assumpsit for tbe recovery of moneys received by
 
 *477
 
 the defendant for duties paid under protest while the Act of the 8d of March, 1889, was in force, and before the Act of the 26th of February, 1845, was passed, and that the protest in writing of the plaintiff was sufficiently precise and distinct to enable the plaintiff to recover back any portion of the moneys paid for duties on the hemp included in the entry which should appear to have been illegally exacted. Under the instructions of the Court the jury returned their verdict in favor of the plaintiff, and the defendant excepted to the refusal of the Court to instruct the jury as requested and to the instructions given. Judgment .was deferred in consequence of a. motion for new trial and other proceedings, which need not be noticed until the 17th day of December, 1860, and in the meantime the defendant died, and the administratrix of his estate was admitted to defend.
 

 Three questions arise on this state of the case for the consideration of the Court. First, whether, under the second section of the Act of the 3d of March, 1839, an action of assumpsit on an implied promise can be maintained against a collector of the customs to recover back duties exacted by him in his official capacity after he had received the moneys and paid the same into the Treasury of the United States and if not, then, secondly, whether the objection taken at the trial to the payment of the duties was set forth in the protest with sufficient precision and distinctness to bring the case within the provisions of the Act of the 26th of February, 1845, authorizing such a suit in cases where the protest is made in writing and sets forth distinctly and specifically the- grounds of objection to the payment. 5 Sfcat. at Large, 727. Thirdly, whether the legal rate of duty upon the hemp included in the entry was the sum exacted by the collector or only $25 per ton as assumed by the plaintiff.
 

 I. Recurring to the second section of the Act of the 3d of March, 1839, it will be seen that it provides in effect that the money paid to any collector of the customs after the passage of that Act for unascertained duties, or for duties paid under protest against the rs te or amount of duties charged, shall be placed to the credit of the Treasury of the United States, to be kept and disposed of as.all other money paid for duties; and it expressly
 
 *478
 
 provides that such money “shall not be held by the collector to await any ascertainment of duties or the result of any litigation in relation to the rate or amount of duty legally chargeable and collectable in any case where money is so paid.” 5 Stat. at Large, 348.
 

 Prior to the passage of that act, it had frequently been held that an action of assumpsit would lie against a collector to recover back duties illegally exacted by him of the importer; but this Court held in
 
 Cary vs. Curtis,
 
 (3 How., 236,) that the provisions of that section where the money had been paid into the Treasury of the United States were a bar to any such action to recover back duties paid subsequently to the passage of that act. Some of the judges dissented on the occasion, but the concluding portion of the opinion given by the Court rests, it is believed, upon the solid foundations of reason and justice.
 
 Indebitatus assumpsit
 
 is founded upon what the law terms an implied promise on the part of the defendant to pay what in good conscience he is bound to pay to the plaintiff. Where the case shows that it is the duty of the defendant to pay, the law imputes to him a promise to fulfil that obligation. Such a promise, say the Court, is always charged in the declaration, and must be so charged in order to maintain the action. But the law never implies a promise to pay unless some duty creates such an obligation, and more especially it never implies a promise to do an act contrary to duty or contrary to law. Collectors under the act referred to were required to pay all moneys received for unascertained duties or for duties paid under protest into the Treasury of the United States, and consequently this Court held that in a case arising under that law, where that duty had been performed by the collector, the law would not imply a promise on his part to pay the same back to the importer, because he was under no obligation to pay the money twice, and to have paid the same back to the importer in the first place would have been contrary to his official duty as prescribed by an Act of Congress. Applying that rule to the present case, it is quite obvious that the answer to the first question presented must be in the negative. Importers, however
 
 were
 
 not without remedy under that.Act but when
 
 *479
 
 ever it was shown to the satisfaction of the Secretary of the Treasury that more money had been paid to the collector for such duties than the law required, it was made his duty to draw his warrant upon the Treasurer to refund the over payment.
 

 II. Congress, on the 26th of February, 1845, gave a different construction to that provision, and provided in effect' that “any person or persons who have paid or may hereafter pay money” under protest, as and for duties not authorized by law, to any collector of the customs in order to obtain the goods or mer chandize imported by him, may maintain an action at law against such collector to ascertain and try the legality and validity of such demand and payment, but the same section also provides to the effect that no such action shall “be maintained against any collector to recover the amount of duties so paid under protest unless the said protest was made in writing * * * setting forth distinctly and specifically the grounds of the objection to the payment thereof. When the duties in this case were paid the provision just recited was not in existence, and it is insisted by the plaintiff that it cannot have a retroactive effect so as to require the protest of the plaintiff to conform to its terms ; but if that be so, then it is clear that'the defendant must prevail in the suit, as the plaintiff has no right of action what ever against the defendant unless it be by virtue of that pro vision. His importation wás made while the Act of the 3d of March, 1839, was in operation, and when he paid the duties in question, importers in such cases, according to the decision of this Court, had no right of action whatever against the collector of the customs. Those who had no right of action under the old law cannot rightfully complain of the terms and conditions annexed to the remedy given in the subsequent Act of Congress. All such as have claims failing within it have a right to avail themselves of its provisions, because the right of action given is in its nature a remedy against the Government, but they must accept it as such with its conditions.
 

 Protests according to that law must be made in writing, and must be signed by the claimant at or before the payment of the duties, setting forth distinctly and specifically the grounds of the
 
 *480
 
 objection to tbe payment as before stated. Parties who have made such protests upon the payment of duties were placed upon the same footing with those who should thereafter make such protests, and all such' were authorized to seek their remedy in • an action at law against the collector as the representative of the Government, but it cannot for a moment be admitted that 'a party can have the benefit of an Act of Congress unless he shows that his case is within its provisions. No allusion whatever is made in the protest to any such ground of objection to the payment of the duties ■ as that taken at the trial, nor any other except the general objection already stated. Unless the ground? of objection to the payment of the duties are distinctly and specifically set forth in the protest it is plain that it cannot V held to be sufficient without a departure from the express requirement of the Act of Congress under which the suit was brought.
 

 ■ Iron in bars, as. well as hemp in bundles, is included in the entry, and yet' the protest is
 
 “
 
 against the payment of the duty charged in the entry” without any discrimination as to the packages, and consequently applying as well to the iron as to the hemp, and to' the whole amount of the duties charged upon the entire importation. No pretence is now made that the duty charged upon the iron was illegal or excessive, and the plaintiff concedes that the hemp was subject to a duty of $25 per ton. Irrespective of authorities, therefore, it is impossible to hold that the protest in this case is sufficiently distinct and specific' to admit the objection to the payment set up at the trial. Numerous decisions have been made upon the subject,.but there is not one of them that affords the slightest support to the position that the protest in this case constitutes a compliance with the requirement of the Act of Congress. On the contrary, every one of-them affirms the rule that the importer must at least indicate in his protest distinctly arid definitely the source or ground of his complaint, and his design to make it the foundation of a claim against the Government.-
 
 Greeley's Adm. vs. Burgess et al.,
 
 (18 How., 417);
 
 Swanton
 
 vs.
 
 Morton,
 
 (1 Cur., C. C., 294);
 
 Warren
 
 vs.
 
 *481
 

 Peasler,
 
 (2 Cur., C. C., 235);
 
 Thompson
 
 vs.
 
 Maxwell,
 
 (2 Blatch. C. C., 391)s.
 

 Persons importing merchandize are required to make their protests distinct and specific, to apprise the collectors of the customs of the nature of the objections made to the payment of the duties before it is too late to remove them or to modify the charge, and in order that the officers of the Government may know what they have to meet in ca'se they decide to exact the duties, notwithstanding the objection, and expose the Government to the risk of litigation., For these reasons we are of the opinion that the second, question presented for the consideration of the Court must also be answered in the negative, and consequently the -plaintiff cannot recover in this case. Having come to that conclusion it is unnecessary to consider the question arising upon the merits The judgment of the Circuit Court therefore is reversed with costs, and the cause remanded, with instructions to issue a new venire.