**HILLS v. UNITED STATES.**
No. L-153.

Court of Claims.
Nov. 5, 1934.

Louis E. Wyman, of Manchester, N. H., for plaintiff.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The questions involved in this case have been ably argued orally and in briefs on the three occasions that they have been presented to the court: First, upon the defendant's demurrer to the petition; second, upon its motion to amend the findings and for a new trial on the demurrer; and, third, upon the merits. Little remains to be said that has not already been stated in the opinions previously rendered in the case, which we now reaffirm on the present hearing upon the merits.

The facts now before the court do not call for a different conclusion. On the contrary, they establish more clearly that the suit was instituted within two years after the disallowance of that part of the claim to which the suit relates. The petition was filed within two years from May 25, 1928, the date on which the Commissioner finally rejected the refund claim filed October 6, 1926, as amended by the claim of March 1, 1928. Where the Commissioner of Internal Revenue, in accordance with his usual practice, signs a schedule of rejected claims, that date governs in determining whether the suit was timely instituted. United States v. Michel, 282 U. S. 656, 51 S. Ct. 284, 75 L. Ed. 598. Where the Commissioner, after the consideration of a claim, finally writes the taxpayer a letter stating that the same has been considered and rejected, and takes no further action and gives no further notice, the date of such letter marks the beginning of the limitation period for instituting suit. Savannah Bank & Trust Co. et al. v. United States, 58 F.(2d) 1068, 75 Ct. Cl. 245. In the present case, however, the Commissioner, after informing plaintiff on February 24, 1928, of his conclusions as

to the items involved upon the original claim as amended, finally advised plaintiff on May 25, 1928, of his final action' and decision thereon allowing the same in part and rejecting it for the balance claimed. In these circumstances, we are clear that May 25, 1928, was the date of the final rejection of the first claim as amended. It is unnecessary to consider the claim of April 30, 1929. This disposes of the defendant's contention that the suit was not instituted within two years after rejection of the refund claims, even if they were timely under the statute. In any event, the suit was instituted within five years after final payment of the tax, and was therefore timely under section 3226, R. S. as amended (26 USCA § 156).

On the next point the defendant contends that, when we construed the language of section 3228, Revised Statutes, as authorizing the filing of a claim for refund within four years from the payment of the entire tax demanded, we ignored the words "alleged to have been erroneously or illegally assessed or collected"; that these words are a plain and positive limitation upon the words "any internal-revenue tax," and, unless ignored entirely, they limit the meaning of "any internal-revenue tax" to that portion of the total collection claimed to have been erroneously or illegally assessed and collected within the preceding four years; that, similarly, the phrase "or of any sum alleged to have been excessive" means only that part of the total payment claimed to have been an excess collection. These are the contentions heretofore made in this case which the court has fully considered and rejected.

Section 3228 of the Revised Statutes governs the filing of refund claims for all taxes of every kind except income and war profits taxes, in relation to which special provision was made in the income tax title of the Revenue Act of 1918 and subsequent acts, and the word "any" in the phrase "any internal-revenue tax alleged to have been erroneously or illegally assessed or collected" was inserted to make the statute applicable to all internal revenue taxes and *not* as a limitation upon the amount that could be recovered under a claim filed within four years after the final payment of the particular tax involved. Nor do we think the words "alleged to have been erroneously or illegally assessed or collected" have any force as limiting the amount that can be refunded to that portion of the tax paid within four years preceding the filing of the claim. These words were inserted to carry out the purpose expressed in section 3220 (26 USCA § 149), which gave the Commissioner authority to remit, refund, or pay back all taxes erroneously or illegally assessed or collected, and had for their object the requirement that the taxpayer set forth in his claim the facts and grounds upon which he relied to entitle him to the refund of the amount claimed. We think it is clear, therefore, that these words cannot be construed to limit the amount which the taxpayer may recover to that portion of the tax collected within the preceding four years. Section 3228, so far as it concerns the question now under consideration, has not been materially changed since its enactment in section 44 of the Act of June 6, 1872, entitled "An Act to reduce Duties on Imports, and to reduce Internal Taxes, and for other Purposes." 17 Stat. 230, 257. A consideration of the conditions existing at the time of its enactment and the decisions which had been rendered with reference to the requirement of a specific protest, as a condition to the right to recover amounts exacted in certain circumstances by agents of the government, and a proper consideration of the words "alleged to have been erroneously or illegally assessed or collected," show that Congress intended to impose upon the taxpayer the obligation of alleging grounds sufficient to show that there had been an erroneous or illegal exaction in respect of the total amount claimed. Compare Cary v. Curtis, 3 How. 236, 11 L. Ed. 576; Curtis's Administratrix v. Fiedler, 2 Black, 461, 17 L. Ed. 273; Nichols v. United States, 7 Wall. 122, 19 L. Ed. 125; Collector v. Hubbard, 12 Wall. 1, 20 L. Ed. 272; and Erskine v. Van Arsdale, 15 Wall. 75, 21 L. Ed. 63. Without the words "alleged to have been erroneously or illegally assessed or collected," the section might have been subject to the construction that a refund claim alleging no grounds to show that the amount claimed was erroneously or illegally exacted would be a sufficient claim under the statute. See United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 272, 51 S. Ct. 376, 377, 75 L. Ed. 1025, in which the court said that, "quite apart from the provisions of the Regulation, the statute is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts upon which it may be founded." What the court said in that case had reference to section 3226, R. S., as amended by section 1318 of the 1921 Revenue Act (see 26 USCA § 156 and note), but section 3226, as amended, was in substance the re-enactment of that part of section 44 of the Act of June 6, 1872, supra,

relating to suits for taxes alleged to have been overpaid.

We find no new force in the argument now made by the defendant in support of its contention that the provision found in section 3228, that the claim for refund of any tax "or of any sum alleged to have been excessive or in any manner wrongfully collected," limits the amount which may be refunded to that portion of the tax paid within the preceding four years. This contention was made and fully considered in the opinions heretofore rendered, and we think nothing further need be said in regard thereto. Instances cited by the court under the estate tax provisions, to which this language was obviously intended to apply, could be multiplied by a consideration of various other internal revenue statutes, but we deem this unnecessary.

The Bureau practice much relied on by the defendant in the previous hearing on demurrer, and now renewed upon the merits, cannot in the circumstances help the defendant in this case. There were no regulations or published decisions to support it as a construction of section 3228, and, as pointed out in the opinions heretofore rendered, when the matter was called to the attention of Congress, a material change was made in the provisions of the statute relating to income taxes "in order that a late payment of a portion of the tax would not extend the time for filing a claim for refund of the entire tax." As pointed out in the prior opinions, we think the amendment of the provision relating to refund claims of income tax so as to provide that the refund should be limited to that portion of the income tax paid within four years immediately preceding the filing of the claim was a recognition by Congress that without such provision a claim filed within four years after the final payment on account of the tax in question would be valid, and that it was a further recognition that any practice of the Bureau to the contrary was without authority in law. Compare American Safety Razor Corp. v. United States, 6 F. Supp. 293, 7 F. Supp. 196, decided by this court June 4, 1934. Likewise the provisions of section 810 of the Revenue Act of 1932 (26 USCA §§ 1117a, 1120), amending section 319 (b) of the Revenue Act of 1926, and inserting a new section limiting the amount of any refund of estate tax to the portion of the tax paid during the four years immediately preceding the filing of a claim with the provision that such section should not bar the allowance of any claim for refund filed prior to the enactment of that section, which, but for such enactment, would

have been allowable, were an indication that the Congress did not construe section 3228 as the defendant now contends. Moreover, the Bureau practice in estate tax cases and its interpretation of the provisions of the language of section 3228 in question have not been altogether uniform or consistent. Certainly such practice was not so well known, long continued, or consistent as to justify the conclusion that it had received congressional approval. Estate taxes were first imposed in 1916, and other internal revenue taxes, to the refund of which section 3228 applied, had been imposed for many years prior thereto. It was not until about November, 1921, that the estate tax unit adopted the practice of limiting the amount of the estate tax refundable to that portion of the tax paid within a period of four years preceding the filing of the claim, and this practice was not generally known until March 26, 1925, after Congress had amended the limitation provision relating to refunds of income taxes. The practice of the Bureau prior to 1921 appears to have been in accordance with the construction which we place upon section 3228, R. S. The language of section 3228 had been the same for at least forty-nine years prior to the adoption of the aforementioned practice of the Bureau. On April 5, 1925, the General Counsel of the Bureau of Internal Revenue in a published opinion (S. M. 3380, IV C. B. 1–80) in construing the language of section 281 (b) (1) of the 1924 Revenue Act (26 USCA § 1065 note), relating to income tax, after quoting the statement in the report of the Senate Committee on Finance that "in order that a late payment of a small portion of the tax would not extend the time for filing a claim for a refund of the entire tax a limitation has been inserted by the committee restricting the amount of the credit or refund to the portion of the tax paid during the four years immediately preceding the filing of the claim," said: "As indicated in the above extract, subdivision (b) (2) of section 281 [26 USCA § 1065 note] was inserted in order that a late payment of a small portion of the tax would not extend the time for filing a claim for a refund of the entire tax. To state it conversely, under subdivision (b) (1) a late payment of a small portion of the tax would extend the time in the absence of subdivision (b) (2) to four years from the date of such payment within which to file a claim for refund of the tax (meaning the entire tax)." Although this opinion dealt with the meaning of income tax refund provisions prior to the amendment limiting the amount of the refund to the portion of the

tax paid during the four years preceding the filing of the claim, such provisions were the same in substance as section 3228, except that, in the former, the period of limitation was fixed at five years from the date the return was due, whereas, in the latter, the period was fixed at four years after payment of the tax. The reasoning in the opinion applies equally to both provisions. Subsequently, however, on July 25, 1925, the General Counsel of the Bureau in a case involving a claim for refund of estate tax (S. M. 4094) attempted to distinguish the previous opinion, S. M. 3380, on the ground that "section 3228 of the Revised Statutes provides that the claim for refund of *any* internal-revenue tax alleged to have been erroneously or illegally collected must be presented to the Commissioner within four years next after payment of such tax, penalty, or sum. The insertion by Congress of the word 'sum' in this section undoubtedly was intended to, and does, limit the right of refund to the amount of money, or portion of the tax, paid during the four years immediately preceding the filing of the claim. This construction harmonizes with the provisions of section 281 of the Revenue Act of 1924 limiting refunds in income-tax cases to the portion of the tax paid during the four years immediately preceding the filing of the claim. * * * It is held, therefore, that the provisions of section 3228, R. S., so far as the estate tax is concerned, limit the right of refund to the *amount* or *sum* paid on behalf of the estate tax within four years immediately preceding the filing of the claim." For the reasons hereinbefore given in this opinion and in the opinions previously published in this case, we think the conclusion reached in S. M. 4094 was erroneous.

Our construction of section 3228 is consistent with the construction placed thereon by the courts which have considered the question. Union Trust Co. of Rochester v. United States (D. C.) 5 F. Supp. 259, affirmed (C. C. A.) 70 F.(2d) 629; Alfred K. Magoon et al. v. United States,[1] C. C. H., par. 9294, vol. 3, 1933; Prentice-Hall, par. 1274, vol. 1, 1933; Clarke v. United States (D. C.) 5 F. Supp. 292, affirmed (C. C. A.) 69 F.(2d) 748, certiorari denied October 8, 1934. Compare San Joaquin Light & Power Corp. v. McLaughlin (C. C. A.) 65 F.(2d) 677.

Plaintiff is entitled to recover, and judgment for $2,353.21 with interest, as provided by law, will be entered in favor of plaintiff. It is so ordered.

---

[1] U. S. District Court for District of Hawaii.