## HAEBLER v. UNITED STATES.

### No. 42613.

Court of Claims.

Nov. 5, 1934.

856

Eugene Cohn, of New York City, for plaintiff.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

PER CURIAM.

The sole question involved in this case is whether under the Revenue Act of 1926 a claim for an estate tax refund otherwise established is limited in amount to the portion of the tax paid within three years of the presentation of the claim. The defense made to plaintiff's case is that under the law and the regulations of the Department it is so limited.

We are not disposed to enter into any further discussion of this question. In Hills v. United States, 50 F. (2d) 302, 55 F. (2d) 1001, 73 Ct. Cl. 128 (submitted on demurrer), in an exhaustive opinion upon hearing and rehearing, this court held that defendant's contention could not be sustained, and in Hills v. United States, 8 F. Supp. 849, this day de-

eided by this court, being the same case submitted upon the facts, we have reaffirmed the opinion in the first-named case. In the meantime no less than three federal courts have rendered decisions to the same effect and have emphasized in their opinions their view that there was no doubt about the correctness of the original decision of this court. A new point has been raised, based upon the fact that the practice of the Bureau of Internal Revenue has been to hold to the contrary of the opinion that we have expressed, but the question arising thereon has been considered and decided adversely to the defendant in Union Trust Co. v. United States (C. C. A.) 70 F.(2d) 629; United States v. Clarke (C. C. A.) 69 F.(2d) 748; Hills v. United States, supra, and Magoon v. United States,[1] 1933 C. C. H. 8755. Moreover, as is pointed out in several of these decisions, Congress has since amended the statute in a manner which has, in the language of the case of Magoon v. United States, supra, set "the seal of congressional approval on the decision in the Hills Case, and furnishes an almost unanswerable argument that the general congressional intent in the earlier enactments was exactly as declared by the Court of Claims."

Under the findings and law as stated above, plaintiff is entitled to judgment for $674.57, with interest from March 10, 1928, at 6 per cent., as provided by law.

---

[1] United States District Court for District of Hawaii.