**SAFE DEPOSIT & TRUST CO. OF BALTIMORE et al. v. UNITED STATES.**

No. M–395.

Court of Claims.

Feb. 4, 1935.

Arthur W. Machen, Jr., of Baltimore, Md., for plaintiffs.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The overpayment which the plaintiffs seek to recover in this case constitutes a pa t of the total of the estate tax determined by the Commissioner of Internal Revenue and paid on the net estate of the decedent. An estate tax return was duly filed and the tax assessed thereon was paid. The Commissioner subsequently audited the return and determined, assessed, and demanded deficiencies of $115,302.77 and $2,700.22, which were paid on August 19, 1925, and constituted the final payment on account of the total tax determined and demanded from the estate. Thereafter, within three years after the total tax had been determined and paid, the estate filed claims for refund which were allowed in part and rejected in part and later reopened and reconsidered. Thereafter the Commissioner determined that there had been a further overpayment of $191,225.46 in respect of the tax of the estate but refused to refund the amount of $134,212.25 thereof with interest, on the ground that this portion of the total estate tax collected had been paid more than four years prior to the filing of the claim for refund.

The only issue presented in this case is one of law and is exactly the same as the question considered and decided by this court November 5, 1934, in Jessie Norwell Hills, Executrix, v. United States, 8 F. Supp. 849, and in Haebler v. United States, 8 F. Supp. 855. For the reasons stated in these opinions we hold that the overpayment in question is not barred by the statute of limitation and that plaintiffs are entitled to recover. Judgment will be entered accordingly. It is so ordered.