GRIFFIN, Circuit Judge,
dissenting.
Congress imposed new and substantial restrictions on the writ of habeas corpus by its enactment of the landmark Antiter-rorism and Effective Death Penalty Act of 1996 (“AEDPA”). At issue in the present case is AEDPA’s one-year statute of limitations and its specific tolling provisions for petitions brought pursuant to 28 U.S.C. § 2255. Were it not for Dunlap v. United States, 250 F.3d 1001 (6th Cir.2001), and our subsequent published decisions that have followed Dunlap,[1] I would give effect *936 to the plain language of 28 U.S.C. § 2255 and hold that Solomon’s petition for habe-as corpus relief is barred by the one-year statute of limitations. Furthermore, I would hold that the plain wording of 28 U.S.C. § 2255 does not provide for judicially-created “equitable tolling.”
I.
In 1992, petitioner-appellant Christopher Solomon was convicted in the United States District Court for the Southern District of Ohio of knowingly and intentionally possessing cocaine base (“crack”) with intent to distribute in violation of 21 U.S.C. § 841(a). In connection with petitioner’s timely appeal to this court, transcripts of the trial court proceedings were prepared and furnished to petitioner and/or his counsel. In May 1993, this court affirmed petitioner’s conviction and sentence in an unpublished order, United States v. Soloman, No. 92-3892, 1993 WL 147569 (6th Cir. May 5, 1993).
Over four years later, on June 26, 1997, Solomon filed a pro se petition for a writ of habeas corpus pursuant to the rights afforded him by 28 U.S.C. § 2255. Solomon’s petition was a fill-in-the-blank form furnished by the United States District Court (AO 243, revised 5-85). It alleged ineffective assistance of counsel, among other claims, and attached a typewritten argument.
Solomon’s petition for a writ of habeas corpus was clearly untimely, pursuant to the plain language of 28 U.S.C. § 2255. Specifically, the habeas corpus provision under which petitioner seeks relief provides for the following one-year period of limitation and tolling periods:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of — •
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255 ¶ 6. Congress added the one-year statutory period and its specific tolling provisions as part of AEDPA, effective April 24, 1996. Because Solomon filed his habeas petition after AEDPA’s effective date, AEDPA’s statute of limitations and its tolling provisions apply to this case. Lindh v. Murphy, 521 U.S. 320, 326-27, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).
*937 II.
In the district court, and on appeal, petitioner does not argue any of the tolling provisions enacted by Congress. Rather, Solomon asserts that his untimely habeas corpus petition should be excused because of the judicially-created doctrine of “equitable tolling.”
Recently, in Arlington Central Sch. Dist. Bd. of Ed. v. Murphy, 548 U.S.-, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006), the Supreme Court emphasized the following fundamental principles of statutory construction:
We have “stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.” Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). When the statutory “language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd— is to enforce it according to its terms.” Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (quoting United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), in turn quoting Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917); internal quotation marks omitted.)
Id., 126 S.Ct. at 2459.
As Justice Scalia has further elaborated: The text is the law, and it is the text that must be observed. I agree with Justice Holmes’s remark, quoted approvingly by Justice Frankfurter in his article on the construction of statutes: “Only a day or two ago — when counsel talked of the intention of a legislature, I was indiscreet enough to say I don’t care what their intention was. I only
want to know what the words mean.”[28] And I agree with Holmes’s other remark, quoted approvingly by Justice Jackson: “We do not inquire what the legislature meant; we ask only what the statute means.”[29]
ANTONIN SCALIA, A MATTER OF INTERPRETATION: FEDERAL COURTS AND THE LAW (PRINCETON UNIY. PRESS 1997).
To date, the Supreme Court has yet to rule whether the judiciary is authorized to rewrite 28 U.S.C. § 2255 to include other “equitable” grounds of tolling not provided for by Congress. See Pace v. DiGuglielmo, 544 U.S. 408, 418 n. 8, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Although Justices Stevens and Souter have suggested that AEDPA’s statutes of limitation may be subject to equitable tolling, Duncan v. Walker, 533 U.S. 167, 182-84, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (Stevens, J. concurring, in part, joined by Souter, J.), the majority of the Court has construed AEDPA according to its text: “Our task is to construe what Congress has enacted. We begin, as always, with the language of the statute.” Duncan, 533 U.S. at 172, 121 S.Ct. 2120.
Moreover, the Court has rejected the argument that “equitable tolling” should apply to plain, specific, and detailed statutes of limitation. In United States v. Brockamp, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997), a unanimous Court rejected the respondent’s invitation to rewrite “for nonstatutory equitable reasons” *938 a statute of limitations enacted by Congress for the filing of tax refunds. Justice Breyer, writing for all nine Justices, explained:
The taxpayers rest their claim for equitable tolling upon Irwin v. Department of Veterans Affairs, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), a case in which this Court considered the timeliness of an employee’s lawsuit charging his Government employer with discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The Court found the lawsuit untimely, but nevertheless tolled the limitations period. It held that the “rule of equitable tolling” applies “to suits against the Government, in the same way that it is applicable” to Title VII suits against private employers. 498 U.S., at 94-95, 111 S.Ct. 453. The Court went on to say that the “same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States.” Id., at 95-96, 111 S.Ct. 453.
The taxpayers, pointing to Irwin, argue that principles of equitable tolling would have applied had they sued private defendants, e.g., had they sought restitution from private defendants for “Money Had and Received.” See C. Keigwin, Cases in Common Law Pleading 220 (2d ed.1934). They add that given Irwin’s language, there must be a “presumption” that limitations periods in tax refund suits against the Government can be equitably tolled. And, they say, that “presumption,” while “rebuttable,” has not been rebutted. They conclude that, given Irwin, the Ninth Circuit correctly tolled the statutory period for “equitable” reasons.
In evaluating this argument, we are willing to assume, favorably to the taxpayers but only for argument’s sake, that a tax refund suit and a private suit for restitution are sufficiently similar to warrant asking Irwin’s negatively phrased question: Is there good reason to believe that Congress did not want the equitable tolling doctrine to apply? But see Flora v. United States, 362 U.S. 145, 153-154, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (citing Curtis’s Administratrix v. Fiedler, 2 Black 461, 479, 17 L.Ed. 273 (1863)) (distinguishing common-law suit against the tax collector from action of assumpsit for money had and received); George Moore Ice Cream Co. v. Rose, 289 U.S. 373, 382-383, 53 S.Ct. 620, 77 L.Ed. 1265 (1933); see also Plumb, Tax Refund Suits Against Collectors of Internal Revenue, 60 Harv. L.Rev. 685 687 (1947) (describing collector suit as a fiction solely designed to bring the Government into court). We can travel no further, however, along Irwin’s road, for there are strong reasons for answering Irwin’s question in the government’s favor.
Section 6511 sets forth its time limitations in unusually emphatic form. Ordinarily limitations statutes use fairly simple language, which one can often plausibly read as containing an implied “equitable tolling” exception. See, e.g., 42 U.S.C. § 2000e-16(c) (requiring suit for employment discrimination to be filed “[w]ithin 90 days of receipt of notice of final [EEOC] action ... ”). But § 6511 uses language that is not simple. It sets forth its limitations in a highly detailed technical manner, that, linguistically speaking, cannot easily be read as containing implicit exceptions.
* * *
To read an “equitable tolling” provision into these provisions, one would have to assume an implied exception for tolling virtually every time a number appears. *939 To do so would work a kind of linguistic havoc. Moreover, such an interpretation would require tolling, not only procedural limitations, but also substantive limitations on the amount of recovery — a kind of tolling for which we have found no direct precedent. Section 6511’s detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken together, indicate to us that Congress did not intend courts to read other unmentioned, open-ended, “equitable” exceptions into the statute that it wrote.
Brockamp, 519 U.S. at 349-50, 352, 117 S.Ct. 849 (emphasis added).
A year later, in United States v. Beggerly, 524 U.S. 38, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998), the Supreme Court followed Brockamp and held that the 12-year statute of limitation contained in the Quiet Title Act, 28 U.S.C. § 2409a, was not subject to equitable tolling. In doing so, the Court held, “Equitable tolling is not permissible when it is inconsistent with the text of the relevant statute.” Beggerly, 524 U.S. at 48, 118 S.Ct. 1862.
Furthermore, as the Supreme Court cautioned in Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984):
Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in Mohasco Corp. v. Silver, 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), “in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.”
In the civil arena, the Michigan Supreme Court has cited separation of powers concerns in rejecting the application of equitable tolling to a clear and unambiguous statute of limitation:
Indeed, if a court is free to cast aside, under the guise of equity, a plain statute such as § 3145(1) simply because the court views the statute as “unfair,” then our system of government ceases to function as a representative democracy. No longer will policy debates occur, and policy choices be made, in the Legislature. Instead, an aggrieved party need only convince a willing judge to rewrite the statute under the name of equity. While such an approach might be extraordinarily efficient for a particular litigant, the amount of damage it causes to the separation of powers mandate of our Constitution and the overall structure of our government is immeasurable.
Devillers v. Auto Club Ins. Ass’n, 473 Mich. 562, 702 N.W.2d 539, 556-57 (2005). See also Secura Ins. Co. v. Auto-Owners Ins. Co., 461 Mich. 382, 605 N.W.2d 308 (2000).
Absent a constitutional violation, it is our role as judges to faithfully ascertain and give effect to the laws as written by Congress. We must not succumb to the temptation to rewrite the law to comport with our subjective notions of fairness and equity. Otherwise, our nation’s laws enacted by Congress are meaningless. See ROBERT H. BORK, THE TEMPTING OF AMERICA: THE POLITICAL SEDUCTION OF THE LAW 112 (Free Press 1997).
Were I permitted to do so, I would apply the rationale of Brockamp and Beggerly to the limitation period of 28 U.S.C. § 2255 specified by Congress in its enactment of AEDPA. On this issue, I agree with the following observations of the District Court for the Eastern District of Michigan, which stated:
*940 Section 2255 expressly lists four different events, the latest of which determines when the limitations period begins to run. 28 U.S.C. § 2255. The detail of § 2255 and its direct and express determination of when the time limit begins indicates that Congress did not intend to permit courts to read other unmentioned and open-ended equitable exceptions into the statute.
Giles v. United States, 6 F.Supp.2d 648, 650 (E.D.Mich.1998), overruled by Dunlap. Giles applies, in effect, the traditional and widely-accepted canon of statutory construction expressio unius est exclusio al-terius (the mention of one thing implies the exclusion of another). See Cavanaugh v. Cardinal Local Sch. Dist., 409 F.3d 753, 756 (6th Cir.2005), and Ohio Co. v. Nemecek, 98 F.3d 234 (6th Cir.1996). Consistent with the analysis of Brockamp and Beggerly, 28 U.S.C. § 2255 should not be rewritten by the judiciary because it is a detailed statute of limitation containing specific tolling provisions agreed upon by Congress.
In Dunlap v. United States, our court did not cite or attempt to distinguish Brockamp and Beggerly. Instead, after relying on Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), for the proposition that there is a rebuttable presumption that equitable tolling applies to civil actions against the government, we summarily concluded that, because the limitation provision of 28 U.S.C. § 2255 is a statute of limitation, rather than a jurisdictional bar, it is subject to judicial tolling. In a footnote, the Dunlap panel cited opinions from our sister circuits to the same effect. For the most part, these follow-the-leader decisions contain little analysis and fail to acknowledge the limits of Irwin subsequently established by the Supreme Court in Brockamp and Beggerly. Harris v. Hutchinson, 209 F.3d 325 (4th Cir.2000), and Calderon v. United States Dist. Court for the Cent. Dist. of Cal. (Beeler), 128 F.3d 1283, 1288 n. 4 (9th Cir.1997), overruled on other grounds, 163 F.3d 530 (9th Cir.1998) (en banc), are two of the very few decisions that even attempt to distinguish Brockamp and/or Beggerly. These circuit court decisions that attempt to confine the precedential effect of Brockamp and Beggerly to the tax code and quiet title cases are not persuasive. In my view, the decisions of our sister circuits should not be followed.
First, unlike Irwin, the present case is not a civil action against the government seeking civil remedies, but rather a collateral attack on a criminal conviction through a petition for habeas corpus. The collateral review of criminal convictions involve considerations that are considerably different than actions against the government for damages or other civil relief.
Second, the subsequent Supreme Court decisions of Brockamp and Beggerly have clarified the limited scope of Irwin. In particular, Brockamp held that judicial tolling is not permitted when Congress has enacted a detailed and specific statute of limitations. Later, in Beggerly, the Supreme Court held that judicial tolling may not be imposed if such tolling is contrary to the text of the statute. Brockamp and Beggerly clearly restrain the open-ended use of judicial tolling envisioned and applied by some courts in all actions in which the government is a party.
Third, and most fundamentally, the separation of powers mandated by our Constitution is violated when, for perceived reasons of “fairness” or equity, the judicial branch rewrites clear and unambiguous laws enacted by the legislature. Without pretense, and “for reasons of equity,” this is what the courts have done in imposing “equitable tolling” to the specific and de *941 tailed statute of limitations enacted by Congress for habeas corpus petitions.
III.
Nonetheless, I recognize that in Dunlap v. United States, 250 F.3d 1001 (6th Cir.2001), and subsequent published opinions, our court has concluded that the one-year limitation period of 28 U.S.C. § 2255 is subject to the doctrine of “equitable tolling.” Until these preeedentially binding decisions are overruled, I am bound to follow and apply them. 6TH CIR. R. 206(c).
In Andrews v. Orr, 851 F.2d 146 (6th Cir.1988), we established a five-factor test for judicial tolling in civil cases. Later, in Dunlap, a panel of this court transferred this civil test to the habeas corpus collateral review of criminal convictions. In doing so, we transferred from our civil jurisprudence considerations that are incongruous to our criminal law. In particular, under Andrews, a petitioner’s ignorance of the law is a consideration in excusing his compliance with the law. Ignorance of the law has never been an excuse in the criminal law. See generally Texaco, Inc. v. Short, 454 U.S. 516, 546, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982), and Lambert v. Calif., 355 U.S. 225, 228-29, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957). In addition, under the Andrews analysis, the “reasonableness” of the petitioner’s ignorance must now be considered. In my view, the reasonableness of an accused’s ignorance of the law should have no relevance in the collateral review of criminal convictions.
Significantly, our court stands alone within the circuits in employing our peculiar test to evaluate the timeliness of petitions for habeas corpus. The other circuits that recognize some form of equitable tolling to 28 U.S.C. § 2255 or 28 U.S.C. § 2254 do so, for the most part, only for “extraordinary circumstances” beyond the petitioner’s control. See, e.g., Satterfield v. Johnson, 434 F.3d 185 (3d Cir.), cert. denied,. — U.S. —, 127 S.Ct. 198, — L.Ed.2d — (2006); Cordle v. Guarino, 428 F.3d 46 (1st Cir.2005); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998).
Our unique test balances the following considerations:
(1) the petitioner’s lack of [actual] notice of the filing requirement;
(2) the petitioner’s lack of constructive knowledge of the filing requirement;
(3) the petitioner’s diligence in pursuing his rights;
(4) absence of prejudice to the respondent; and
(5) the petitioner’s reasonableness in remaining ignorant of the legal requirement for filing his claim.
Dunlap, 250 F.3d at 1008 (citing Andrews v. Orr, 851 F.2d 146 (6th Cir.1988)).
After applying the Dunlap!Andrews factors to the present case, I come to a conclusion which is the opposite of that reached by the majority.
1. Petitioner’s Lack of Actual Notice of the Filing Requirement.
Solomon admits that “at the turn of 1997” he knew that, by operation of the judicially-created one-year grace period accepted by most courts, he had only until April 24, 1997, to file his habeas corpus petition. The propriety of the one-year grace period that many courts have imposed for constitutional reasons, see Hyatt v. United States, 207 F.3d 831 (6th Cir.2000), is not at issue in the present case because Solomon’s Jpe 26, 1997, petition was over two months late, even with the benefit of a one-year grace period.[2]
*942 2. The Petitioner’s Lack of Constructive Knowledge of the Filing Requirement.
Because Solomon concedes actual knowledge of the filing deadline “at the turn of 1997,” his constructive knowledge after that time is not at issue. Before then, AEDPA’s statute of limitation and tolling exceptions are “clear provisions” that afforded constructive notice to him. Allen v. Yukins, 366 F.3d 396, 403 (6th Cir.2004).
3. The Petitioner’s Diligence in Pursuing His Rights.
The majority concludes that Solomon was diligent in pursuing his rights. I respectfully disagree. Solomon waited over four years after this court affirmed his conviction and sentence to file his petition for habeas corpus. In my view, Solomon’s delay of over four years “to enhance his knowledge of the law, while raising his level of formal education” was not diligent. As we stated in Cook v. Stegall, 295 F.3d 517, 522 (6th Cir.2002), a petitioner would “never have been in this hurried state” had he not waited years to file his habeas petition.
In addition, I am not persuaded by Solomon’s argument regarding his alleged lack of access to his previously furnished transcripts. It is apparent from his petition filed on June 26, 1997, that the transcripts were not necessary for its filing. See Brown v. Shannon, 322 F.3d 768, 774 (3d Cir.2003); Lloyd v. VanNatta, 296 F.3d 630, 633-34 (7th Cir.2002); Donovan v. State of Maine, 276 F.3d 87, 93 (1st Cir.2002); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir.2001). The fill-in-the-blank habeas form that petitioner used could have been easily filed before the one-year grace period deadline of April 24, 1997.
Aso, as argued by the government, transfers between prisons are routine and should be expected. Siggers-El v. Barlow, 412 F.3d 693, 701 (6th Cir.2005). Solomon offers no explanation regarding why his “legal materials” could not have been taken or delivered to him.
Finally, Solomon alleges that while in prison he had a telephone conversation with the Clerk of the United States District Court for the Southern District of Ohio. According to Solomon, the Clerk advised him to file a “Notification of Intent to File a 2255 Motion.” I find this claim not to be credible. It lacks evidentiary support and is contrary to the practice and custom of the clerk not giving legal advice to litigants and prisoners. In any event, in Allen, 366 F.3d at 403, we rejected a claim that an attorney’s erroneous legal advice should lead to equitable tolling:
This court has held, however, that a petitioner’s reliance on the unreasonable and incorrect advice of his or her attorney is not a ground for equitable tolling. Jurado v. Burt, 337 F.3d 638, 644-45 (6th Cir.2003). Athough not directly on point, Jurado suggests that equitable tolling is not appropriate in this case. In Jurado, the attorney (unintentionally) misled the petitioner; in the present case, Alen’s attorney simply admitted that he was not an expert in federal habeas procedures.
See also United States v. Heller, 957 F.2d 26, 27-28 (1st Cir.1992).
4. Absence of Prejudice to Respondent.
The record contains no documented evidence of actual prejudice to the government. However, some hardship to the government is likely because of the staleness of the evidence.
5. The Petitioner’s Reasonableness in Remaining Ignorant of the Legal Requirements for Filing his Claim.
The “reasonableness of the petitioner’s ignorance” (to the extent that this nonse- *943 quitur can be evaluated) is not at issue because petitioner had actual and/or constructive knowledge of the law.
After balancing the five factors set forth in Andrews v. Orr, I conclude that Solomon has not sustained his burden of establishing grounds for equitable tolling. See Allen, 366 F.3d at 403.
IV.
Finally, for the reasons stated in Day v. McDonough, — U.S. —, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006), I would also hold that the district court did not abuse its discretion by sua sponte raising and deciding the statute of limitation defense that the government did not timely assert. Although the Court in Day decided this issue in the context of a petition brought pursuant to 28 U.S.C. § 2254,1 find its rationale equally applicable to actions brought pursuant to 28 U.S.C. § 2255.
V.
For these reasons, I respectfully dissent. I would affirm the dismissal of Solomon’s untimely petition for habeas corpus.

. In Dunlap, a two-judge majority purportedly held that, because 28 U.S.C. § 2255 was a statute of limitations, it was therefore subject to equitable tolling. As noted by Judge Siler *936 in his concurrence, the majority’s conclusion with regard to this issue was not necessary for the disposition of the case. For this reason, the Dunlap “holding” is arguably obiter dictum. See U.S. v. Yoon, 398 F.3d 802, 806 (6th Cir.), cert. denied, - U.S. -, 126 S.Ct. 548, 163 L.Ed.2d 460 (2005); BLACK'S LAW DICTIONARY, 8th ed.; Pierre N. Leval, Judging Under the Constitution: Dicta About Dicta, 81 N.Y. UNIV. L. REV. 1249 (2006). However, because this portion of Dunlap has been followed in subsequent published decisions of our court, see, e.g., Cobas v. Burgess, 306 F.3d 441, 443 (6th Cir.2002), and Cook v. Stegall, 295 F.3d 517, 521 (6th Cir.2002), I consider it precédentially binding until such time as it is overruled by the Supreme Court or by this court en banc. 6th CIR. R. 206(c).

. Felix Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum. L.Rev. 527, 538 (1947).

. Oliver Wendell Holmes, Collected Legal Papers 207 (1920), quoted in Schwegmann Bros. v. Calvert Distillers Corp., 341 U.S. 384, 397, 71 S.Ct. 745, 95 L.Ed. 1035 (1951) (Jackson, J., concurring).

. For this reason, I express no opinion on the judicially-created one-year grace period.