

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2000

# Becton Dickinson v. Wolckenhauer

Precedential or Non-Precedential:

Docket 99-6015

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"Becton Dickinson v. Wolckenhauer" (2000). *2000 Decisions.* Paper 121.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/121

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 6, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-6015

BECTON DICKINSON AND COMPANY,
        Appellant

v.

REINHARD A. WOLCKENHAUER,
a/k/a REINHARD WOLKENHAUER;
WALTER WOLCKENHAUER; ROYAL MACHINE
AND TOOL COMPANY; WILLIAM HOSIE;
ANN HOSIE, d/b/a HANOVER PATTERN;
UNITED STATES OF AMERICA, DEPARTMENT
OF THE TREASURY, INTERNAL REVENUE SERVICE

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 95-cv-01084)
District Judge: Honorable Nicholas H. Politan

Argued March 2, 2000

Before: ROTH, BARRY and STAPLETON, Circuit Judges

(Opinion filed: June 6, 2000)

Armen Shahinian, Esquire (Argued)
Adam P. Friedman, Esquire
Wolff & Samson
5 Becker Farm Road
Roseland, NJ 07068

 Attorneys for Appellant

Gilbert S. Rothenberg, Esquire
Steven W. Parks, Esquire (Argued)
United States Department of Justice
Tax Division
P.O. Box 502
Washington, DC 20044

 Attorneys for Appellee

OPINION OF THE COURT

ROTH, Circuit Judge:

The appellant in this case, Becton Dickinson & Company ("BDC"), brought suit against the Internal Revenue Service (the "IRS") pursuant to 26 U.S.C. S 7426(a)(1), seeking the return of $323,948.44, the value of Reinhard Wolckenhauer's pension and retirement benefits held by BDC and seized by the IRS to satisfy Wolckenhauer's tax liability. BDC contends that this money should be paid not to the IRS, but rather to BDC as restitution for the fraud perpetrated on the company by Wolckenhauer.

Although BDC's suit to recover this money was filed after the expiration of the nine-month time limitation period, set forth in section 6532(c) of the Internal Revenue Code, BDC argues that the time limitation in section 6532(c) can and should be equitably tolled.1 BDC contends for that reason that the restitution order handed down by the District Court in Wolckenhauer's criminal trial grants them an

_____

1. There are two distinct questions: Can the time limitation in section 6532(c) be equitably tolled and, if so, do the facts of this case give rise
to a situation in which the time limitation in section 6532(c) should be equitably tolled?

2

interest in the $323,948.44 seized by the IRS to satisfy Wolckenhauer's tax liability. Finally, assuming that it possesses an interest in this money, BDC argues that its restitution interest in Wolckenhauer's pension and retirement benefits is superior to the IRS's tax liability interest.

The IRS and BDC each filed motions for summary judgment. The District Court, after concluding that the time limitation set forth in 26 U.S.C. S 6532(c) could be equitably tolled, held that the facts of the case did not give rise to a situation in which the time limitation should be equitably tolled, denied BDC's motion for summary judgment, and granted the IRS's motion for summary judgment. Because we conclude that the time limitation in section 6532(c) is a jurisdictional bar that cannot be equitably tolled, regardless of the equities in a given case, we will remand the case to the District Court with instructions to dismiss the case for lack of subject matter jurisdiction.2

I. FACTS

The relevant facts in this case are undisputed by the parties. While employed at Ivers-Lee,3  Reinhard Wolckenhauer4 defrauded Ivers-Lee by means of an elaborate scheme involving fraudulent purchasing invoices. On February 28, 1995, Wolkenhauer was indicted for conspiracy (one count), mail fraud (fifteen counts) and the

_____

2. Because we conclude that section 6532(c) cannot be equitably tolled, we need not reach the question of whether the time limitation in section 6532(c) should be equitably tolled or whether BDC's restitution interest in Wolckenhauer's pension and retirement benefits is superior to the IRS's tax liability interest. Were we, however, to reach that question, Judges Roth and Barry believe that a strong argument could be made that in the unique circumstances of this case, i.e., where Wolckenhauer's tax liability arose solely as the result of the fraud he perpetrated on BDC
and where the government levied on his pension and retirement benefits held by BDC, thus depriving BDC -- the victim-- of restitution, BDC's restitution interest is superior to the government's tax liability interest.

3. Ivers-Lee is a division of Becton Dickinson & Company.

4. Wolckenhauer is an appellee in name only. This appeal arises entirely out of a dispute between the IRS and BDC.

3

filing of false income tax returns (four counts). On April 21, 1995, the IRS, which had been investigating Wolckenhauer's criminal activities, issued a notice of levy to the Ivers-Lee division of BDC indicating that Wolckenhauer owed $865,240.06 in unpaid federal income taxes for the tax years 1988, 1989, 1990 and 1991.5 The notice of levy directed BDC to relinquish to the IRS all money that BDC then owed Wolckenhauer. Pursuant to this notice of levy, on May 2, 1995, BDC remitted to the IRS $323,948.44, the value of Wolckenhauer's pension and retirement benefits.

On March 22, 1996, Wolckenhauer pleaded guilty to conspiracy, mail fraud and the filing of false income tax returns. The government and Wolckenhauer stipulated in the plea agreement that the financial loss to BDC as a result of Wolckenhauer's fraudulent scheme was no less than $1.5 million, but no more than $2.5 million. On September 24, 1996, the District Court in Wolckenhauer's criminal case entered an order requiring Wolckenhauer to make restitution to BDC in the amount of $2.2 million. On November 7, 1996, BDC, which had already brought suit against Wolckenhauer and other individuals in connection with Wolckenhauer's fraudulent scheme, filed an amended complaint in the District Court asserting a cause of action against the IRS for the alleged wrongful levy on Wolckenhauer's pension and retirement benefits. Suing under 26 U.S.C. S 7426(a)(1), BDC contended that "[the September 24, 1996,] order of restitution issued in favor of Becton Dickinson has priority over and is superior to the [government's] federal tax liens." App. at A74.

On May 29, 1997, the Court of Appeals for the Third Circuit vacated the September 24, 1996, restitution order and remanded the case to the District Court for additional fact-finding concerning Wolckenhauer's assets and the needs of his dependent family members. On March 12, 1998, the District Court in Wolckenhauer's criminal case amended the restitution order and directed Wolckenhauer to pay $83,200 in restitution to BDC.

---

5. The tax liability that Wolckenhauer incurred arose entirely from income "earned" by means of this fraudulent scheme.

4

Finally, on July 15, 1998, at the request of BDC and Wolckenhauer, the District Court in Wolckenhauer's criminal case modified the March 12, 1998, restitution order, taking into account the possibility that BDC might prevail in this litigation against the IRS. The amended restitution order requires Wolckenhauer to make restitution to BDC in the amount of $407,148.44, to be reduced to $83,200 in the event that BDC does not obtain a favorable judgment in this case.6

BDC brings this wrongful levy action pursuant to 26 U.S.C. S 7426(a)(1), seeking to recover the value of Wolckenhauer's pension and retirement benefits from the IRS to satisfy the aforementioned restitution order. 7 On March 3 and 5, 1997, respectively, the IRS and BDC each filed motions for summary judgment. On October 28, 1998, the District Court denied BDC's motion for summary judgment and granted the IRS's motion for summary judgment, holding that: (1) BDC's wrongful levy claim against the IRS was barred by the time limitation set forth in 26 U.S.C. S 6532(c);8 (2) even if BDC's claim were not time-barred, BDC possessed no interest in Wolckenhauer's retirement and pension benefits; and (3) even if BDC possessed an interest in Wolckenhauer's retirement and pension benefits, its interest was junior to the IRS's interest. BDC appeals the District Court's grant of summary judgment.

_____

6. Were BDC to prevail in this litigation, it would be entitled to the $323,948.44 seized by the IRS pursuant to the April 21, 1995, notice of levy. $407,148.44 is the sum of the amount seized by the IRS pursuant to its notice of levy ($323,948.44) and the amount of restitution required under the March 12, 1998, restitution order ($83,200).

7. The claims asserted by BDC against parties other than the IRS were dismissed by consent orders entered on January 12 and April 22, 1998.

8. While the District Court concluded that the time limitation in section 6532(c) could be equitably tolled, the District Court also concluded that the facts of this case did not give rise to a situation in which the time limitation should be equitably tolled. See supra  note 1.

## II. JURISDICTION & STANDARD OF REVIEW

Jurisdiction in this case is at issue. However, the District Court did have jurisdiction, pursuant to 28 U.S.C.S 1331, to determine if it had subject matter jurisdiction over BDC's claim. See 28 U.S.C. S 1331 (1999) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have jurisdiction, pursuant to 28 U.S.C. S 1291, to determine whether the District Court properly exercised subject matter jurisdiction over BDC's claim. See 28 U.S.C. S 1291 (1999) ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."). Although the parties did not address the issue of jurisdiction per se, as we have held previously, "it is axiomatic that this [C]ourt has a special obligation to satisfy itself of its own jurisdiction, as well as the jurisdiction of the court under review." United States v. Touby, 909 F.2d 759, 763 (3d Cir. 1990) (internal quotation marks omitted) (citations omitted).

Our review of the District Court's grant of summary judgment is plenary. See, e.g., Hurley v. Atlantic City Police Dept., 174 F.3d 95, 128 n.29 (3d Cir. 1999).

> [We] review the district court's summary judgment determination de novo, applying the same standard as the district court. . . . [I]n all cases[,] summary judgment should be granted if, after drawing all reasonable inferences from the underlying facts in the light most favorable to the non-moving party, the court concludes that there is no genuine issue of material fact to be resolved at trial[,] and [that] the moving party is entitled to judgment as a matter of law.

Kornegay v. Cottingham, 120 F.3d 392, 395 (3d Cir. 1997) (quoting Spain v. Gallegos, 26 F.3d 439, 446 (3d Cir. 1994)). In determining whether the District Court erred, we must view the facts as asserted by the nonmoving party as true, if they are supported by affidavits or other evidentiary material. See Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). We also must draw all reasonable inferences in favor of the nonmoving party. See id. at 1081. A nonmoving party has created a genuine issue

6

of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial. See Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 330 (3d Cir. 1995).

III. DISCUSSION

A. Relevant Statutory Language

Section 7426(a)(1) provides third parties with a civil cause of action to recover from the IRS property"wrongfully levied." 26 U.S.C. S 7426(a)(1) (1999); see, e.g., Internal Revenue Service v. Gaster, 42 F.3d 787, 789 (3d Cir. 1994). Section 6532(c) of the Internal Revenue Code, which sets forth the relevant time limitation for wrongful levy actions brought pursuant to section 7426(a)(1), states:

> c) Suits by persons other than taxpayers.--
>
> (1) General rule.--Except as provided by paragraph (2), no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action.
>
> (2) Period when claim is filed.--If a request is made for the return of property [wrongfully levied upon], the 9-month period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter.

26 U.S.C. S 6532(c) (1999). Thus, as the statute clearly indicates, "no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy." 26 U.S.C. S 6532(c)(1) (1999).

While it is undisputed that BDC's claim was filed after the nine-month time limitation set forth in 26 U.S.C. S 6532(c)(1) had expired, BDC argues that the time limitation should be equitably tolled.9  Specifically, BDC

_____

9. The IRS issued the notice of levy on April 21, 1995; BDC brought suit under section 7426(a)(1) against the IRS on November 7, 1996, over eighteen months later.

7

argues that because the order requiring Wolckenhauer to pay restitution to BDC was not handed down until after the nine-month time limitation in section 6532(c) had expired, it did not acquire an interest in Wolckenhauer's pension and retirement benefits until after the time limitation in section 6532(c) had expired. Therefore, BDC argues, because it could not have brought suit against the IRS until it acquired an interest in Wolckenhauer's pension and retirement benefits, which occurred after the time limitation in section 6532(c) had expired, this time limitation should be equitably tolled now to allow BDC to bring suit pursuant to section 7426(a)(1).

B. Principles for Determining the Appropriateness of Equitable Tolling

Before determining whether the time limitation in section 6532(c) should be equitably tolled, we must first determine whether the time limitation in section 6532(c) can be equitably tolled. As we have held on numerous occasions:

> Time limitations analogous to a statute of limitations are subject to equitable modifications such as tolling, see Oshiver v. Levin, Fishbein, Sedran & Berman , 38 F.3d 1380, 1387 (3d Cir. 1994), which "stops the running of the statute of limitations in light of established equitable considerations," New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1125 (3d Cir. 1997). On the other hand, when a time limitation is considered jurisdictional, it cannot be modified and non-compliance is an absolute bar. See Oshiver, 38 F.3d at 1387.

Miller v. New Jersey State Dep't of Corrections , 145 F.3d 616, 617-18 (3d Cir. 1998); see also Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 239-40 (3d Cir. 1999) (holding that Title VII's 90-day time limitation is akin to a statute of limitations and thus is subject to equitable tolling); New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 n.12 (3d Cir. 1997) ("Where thefiling requirements are considered `jurisdictional,' non-compliance bars an action regardless of the equities in a given case." (quoting Hart v. J. T. Baker Chem. Co., 598 F.2d 829, 832 (3d Cir.1979))) (internal quotation marks

8

omitted); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994) (same); Shendock v. Director, Office of Workers' Compensation Programs , 893 F.2d 1458, 1462–64 (3d Cir. 1990) (en banc) ("When Congress intends the sixty days it specified as the time to seek review of an adverse Board decision in a court of appeals to be a mandatory condition upon the availability of the judicial remedy of review, the statutory provisions relating to the time and place of filing are termed `jurisdictional.' "). To determine whether the time limitation in section 6532(c) is a statute of limitations, which can be equitably tolled, or a jurisdictional bar, which cannot be tolled, regardless of the equities in a given case,"we look to congressional intent by considering the language of the statute, legislative history, and statutory purpose." Miller, 145 F.3d at 618; see Shendock, 893 F.2d at 1462–64.

In making this determination, Supreme Court jurisprudence provides significant guidance. As the Supreme Court has stated, "[t]ime requirements in lawsuits between private litigants are customarily subject to `equitable tolling.' " Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95 (1990) (citing Hallstrom v. Tillamook County, 493 U.S. 20, 27 (1989)); see also, e.g., United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) ("[E]quitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has `in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." (quoting Kocian v. Getty Ref. & Mktg Co., 707 F.2d 748, 753 (3d Cir. 1983))) (internal quotation marks omitted). This case, however, is not a "lawsuit between private litigants;" BDC is suing the government, not a private litigant. Because the time limitation in section 6532(c) is applicable exclusively to suits brought under section 7426, and because section 7426 creates only a cause of action against the United States, and not against private litigants, it is inappropriate to assume that the time limitation in section 6532(c) is necessarily like other time limitations that are"customarily subject to `equitable tolling.' "

Moreover, because BDC is suing the United States, and not a private litigant, sovereign immunity is implicated. It is

black letter law that "the United States cannot be sued . . . without the consent of Congress." Block v. North Dakota, 461 U.S. 273, 287 (1983). Section 7426 clearly constitutes a waiver of sovereign immunity. Thus, as the Supreme Court has stated on myriad occasions:

> [W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied. When waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity. Accordingly, although we should not construe such a time-bar provision unduly restrictively, we must be careful not to interpret it in a manner that would "extend the waiver beyond that which Congress intended."

Id.; see also Lane v. Pena, 518 U.S. 187, 192 (1996) ("[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."); United States v. Williams, 514 U.S. 527, 531 (1995) (holding that when confronted with a purported waiver of the federal government's sovereign immunity, the Court will "constru[e] ambiguities in favor of immunity"); United States v. Mottaz, 476 U.S. 834, 841(1986) ("When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction.") (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)); Bowen v. City of New York , 476 U.S. 467, 479 (1986) (holding that the "the 60-day limitation" for bringing suit against the government to contest the denial or termination of social security benefits is"a condition on the waiver of sovereign immunity, and thus must be strictly construed"); Lehman v. Nakshian, 453 U.S. 156, 161 (1981) ("[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."). Thus, in determining whether the time limitation in section 6532(c) is a statute of limitations, which can be equitably tolled, or a jurisdictional bar, which cannot, we are mindful of the fact that section 7426(a)(1), the statutory provision pursuant to which BDC brings suit against the government,

is a waiver of sovereign immunity. Moreover, section 6532(c), which sets forth the time limitation applicable to a wrongful levy action brought against the government pursuant to section 7426, is a condition on the waiver of sovereign immunity expressed in section 7426(a)(1) and must be strictly observed; exceptions are not to be lightly implied.

## 1. Irwin v. Department of Veterans Affairs

Against the backdrop of these general principles, the Supreme Court has on two occasions since 1990 considered when a time limitation applicable to a lawsuit brought against the government can be equitably tolled. The Supreme Court, like the Third Circuit, in determining when such time limitations can be equitably tolled, has focused exclusively on congressional intent. See United States v. Brockamp, 519 U.S. 347, 353 (1997) ("[C]ongressional efforts . . . seem but a smaller part of a larger congressional objective: providing the Government with strong statutory `protection against stale demands.' ") (citations omitted); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95 (1990); Miller, 145 F.3d at 618 ("in determining whether a specific time limitation should be viewed as a statute of limitations or a jurisdictional bar, we look to congressional intent by considering the language of the statute, legislative history, and statutory purpose.").

First, in 1990, the Supreme Court considered whether the time limitation set forth in 42 U.S.C. S 2000e-16(c), a provision of Title VII, could be equitably tolled. See Irwin, 498 U.S. at 91.10 Before reaching the merits of the case, the Court acknowledged the inconsistency of past Supreme Court opinions that addressed when time limitations applicable to lawsuits against the government could be

_____

10. Section 2000e-16(c) stated in relevant part:

> Within thirty days of receipt of notice of final action taken by . . . the
> Equal Employment Opportunity Commission . . . and employee or
> applicant for employment, if aggrieved by the final disposition of his
> complaint, or by the failure to take final action on his complaint,
> may file a civil action as provided in section 2000e-5 of this title.

42 U.S.C. S 2000e-16(c) (1986).

11

equitably tolled.[11] Characterizing its opinion as an attempt to develop a coherent framework for determining when equitably tolling is appropriate, the Court in Irwin stated:

> Thus, a continuing effort on our part to decide each case on an ad hoc basis, as we appear to have done in the past, would have the disadvantage of continuing unpredictability without the corresponding advantage of greater fidelity to the intent of Congress. We think that this case affords us an opportunity to adopt a more general rule to govern the applicability of equitable tolling in suits against the Government.

Id. at 95. Addressing the specific time limitation at issue, the Irwin Court acknowledged that "section 2000e-16(c) is a condition to the waiver of sovereign immunity and thus must be strictly construed." Id. at 93 (citing Library of Congress v. Shaw, 478 U.S. 310 (1986)). However, the Court concluded that

> [o]nce Congress has made such a waiver, . . . making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little if any broadening of the congressional waiver [and therefore] the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States.

Id. at 95. As this language demonstrates, the Irwin Court concluded that because private defendants could be sued under 42 U.S.C. S 2000e-5, and because the applicable time limitation could be equitably tolled in lawsuits between private litigants, Congress must have intended for the time limitation to be equitably tolled (when appropriate) in lawsuits brought against the government. See id.[12]

_____

11. See, e.g., Bowen v. City of New York, 476 U.S. 467, 479 (1986); Soriano v. United States, 352 U.S. 270, 275-76 (1957).

12. Although the Irwin Court held that the time limitation set forth in section 2000e-16(c) could be equitably tolled, the Court eventually concluded that the facts of the case before it did not give rise to a situation where the statute of limitations should be tolled. See Irwin, 498 U.S. at 96; supra note 1.

12

2. United States v. Brockamp

Subsequent to its holding in Irwin, the Supreme Court
again addressed the issue of when a time limitation
applicable to a lawsuit against the government can be
equitably tolled. See United States v. Brockamp , 519 U.S.
347 (1997). The Court in Brockamp, considering whether
the time limitation set forth in 26 U.S.C. S 651113 could be
equitably tolled, was quick to point out that Irwin was not
controlling. See id. at 349-50. While the Irwin Court held
that "the same rebuttable presumption of equitable tolling
applicable to suits against private defendants should also
apply to suits against the United States," the Brockamp
Court noted that because section 6511 does not create a
cause of action against private defendants, the"rebuttable
presumption" created by the Court in Irwin  arguably did
not apply to the time limitation set forth in section 6511.
Id. Nonetheless, the Brockamp Court assumed, but only for
the sake of argument, "that a tax refund suit and a private
suit for restitution are sufficiently similar to warrant asking
Irwin's negatively phrased question: Is there good reason to
believe that Congress did not want the equitable tolling
doctrine to apply?" Id. at 350.

_____

13. Section 6511 is quite complex and states in part that a "[c]laim for
. . . refund . . . of any tax . . . shall be filed by the taxpayer within
3
years from the time the return was filed or 2 years from the time the tax
was paid, whichever of such periods expires the later, or if no return was
filed . . . within 2 years from the time the tax was paid." 26 U.S.C.
S 6511(a) (1986). The statute also states that"[n]o credit or refund shall
be allowed or made after the expiration of the period of limitation
prescribed . . . unless a claim for . . . refund isfiled . . . within such
period." 26 U.S.C. S 6511(b)(1). This point is reiterated:

        If the claim was filed by the taxpayer during the 3-year period . .
.
        the amount of the credit or refund shall not exceed the portion of
        the tax paid within the period, immediately preceding the filing of
        the claim, equal to 3 years plus the period of any extension of
time
        for filing the return.

26 U.S.C. S 6511(b)(2)(A). Finally, the statute states that "[i]f the
claim
was not filed within such 3-year period, the amount of the credit or
refund shall not exceed the portion of the tax paid during the 2 years
immediately preceding the filing of the claim." 26 U.S.C. S 6511(b)(2)(B).

Thus, applying Irwin's rebuttable presumption and addressing the specific time limitation in section 6511, the Brockamp Court first noted that:

> Section 6511 sets forth its time limitations in unusually emphatic form. Ordinarily limitations statutes use fairly simple language, which one can often plausibly read as containing an implied "equitable tolling" exception. See, e.g. , 42 U.S.C. S 2000e-16(c) (requiring suit for employment discrimination to be filed "[w]ithin 90 days of receipt of notice of final [EEOC] action"). ButS 6511 uses language that is not simple. It sets forth its limitations in a highly detailed technical manner, that linguistically speaking, cannot easily be read as containing implicit exceptions.

Id. The Court also noted that:

> Section 6511 sets forth explicit exceptions to its basic time limits, and those very specific exceptions do not include "equitable tolling." See [26 U.S.C.] S 6511(d) (establishing special time limit rules for refunds related to operating losses, credit carrybacks, foreign taxes, self-employment taxes, worthless securities, and bad debts).

Id. at 351-52. The Brockamp Court ultimately held that Congress did not intend to permit equitable tolling with respect to section 6511:

> To read an "equitable tolling" provision into these provisions, one would have to assume an implied exception for tolling virtually every time a number appears. To do so would work a kind of linguistic havoc. Moreover, such an interpretation would require tolling, not only procedural limitations, but also substantive limitations on the amount of recovery--a kind of tolling for which we have found no direct precedent. Section 6511's detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken together indicate to us that Congress did not intend courts to read other unmentioned, open-

14

ended, "equitable" exceptions into the statute that it wrote. There are no counter-indications.

Id. at 352. Reinforcing this conclusion, the Court explained that "[t]ax law, after all, is not normally characterized by case specific exceptions reflecting individualized equities." Id. The Brockamp Court further pointed out that:

> The nature of the underlying subject matter--tax collection--underscores the linguistic point. The IRS processes more than 200 million tax returns each year. It issues more than 90 million refunds. See Dept. of Treasury, Internal Revenue Service, 1995 Data Book 8-9. To read an "equitable tolling" exception into S 6511 could create serious administrative problems by forcing the IRS to respond to, and perhaps litigate, large numbers of late claims, accompanied by requests for "equitable tolling" which, upon close inspection, might turn out to lack sufficient equitable justification.

Id. at 352-53. Thus, a unanimous Court in Brockamp held that the time limitation in section 6511 could not be tolled, regardless of the equities in a given case.

C. Equitable Tolling and Section 6532(c)

Turning to the case at hand, and the time limitation in section 6532(c), BDC argues that this time limitation is analogous to the time limitation at issue in Irwin and thus can be equitably tolled, while the IRS argues that this time limitation is analogous to the time limitation at issue in Brockamp and thus cannot be equitably tolled. While we acknowledge that the time limitation at issue in this case falls somewhere between the time limitation considered in Irwin and the time limitation considered in Brockamp, we conclude that section 6532(c) is a jurisdictional bar, analogous in almost all relevant respects to the time limitation at issue in Brockamp, and therefore that the time limitation in section 6532(c) cannot be equitably tolled. There are several reasons for our conclusion.

1. Suits Brought Only Against the Government

First, like the time limitation at issue in Brockamp, but unlike the time limitation at issue in Irwin, the time limitation in section 6532(c) applies only to suits brought

15

against the government and not suits brought against private defendants. Indeed, section 7426(a)(1), which section 6532(c) modifies, authorizes only suits against the government. Thus, Irwin's "rebuttable presumption" does not apply; "making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits" has no meaning in the context of a statute that creates only a cause of action against the government.

BDC tries to counter this point by arguing that a suit at common law for recovery of money converted is analogous to a suit brought pursuant to section 7426(a)(1). Therefore, BDC argues, making the rule of equitable tolling applicable to suits against the government brought under section 7426(a)(1), in the same way that it is applicable to private suits at common law for the recovery of money converted, amounts to little if any broadening of the congressional waiver, and thus the same rebuttable presumption of equitable tolling applicable to suits against private defendants at common law for the recovery of money converted should also apply to suits against the United States brought under section 7426. While this argument is not without intuitive appeal, it fails as matter of law because the time limitation set forth in section 6532(c) does not and would not apply to private suits at common law for the recovery of money converted.14 Our analysis is reinforced by the Supreme Court's skepticism in Brockamp that "a tax refund suit" brought under 26 U.S.C. S 7422 and "a private suit for restitution" are "sufficiently similar" to warrant the application of Irwin's "rebuttable presumption." Brockamp, 519 U.S. at 350 (citing sources for the proposition that "a tax refund suit" brought under 26 U.S.C. S 7422 and "a private suit for restitution" are not analogous); see also, e.g., Flora v. United States, 362 U.S.

_____

14. There exists no federal statute, nor as a matter of federal constitutional law could there exist a federal statute, creating a private cause of action for the recovery of money converted by a private individual or entity. Cf. United States v. Lopez , 514 U.S. 549, 567–68 (1995) (holding that prohibiting by means of federal criminal law the possession of guns in and around local schools is an unconstitutional extension of Congress's powers under the Commerce Clause).

145, 153-154 (1960) (citing Curtis's Administratrix v. Fiedler, 2 Black 461, 479 (1863)) (distinguishing common-law suit against the tax collector from action of assumpsit for money had and received); George Moore Ice Cream Co. v. Rose, 289 U.S. 373, 382-383 (1933); William T. Plumb, Jr., Tax Refund Suits Against Collectors of Internal Revenue, 60 HARV. L. REV. 685, 687 (1947) (describing collector suit as a fiction solely designed to bring the Government into court). In comparing the time limitation at issue in Irwin with the time limitation at issue in this case, it is clear that were we to apply the rule of equitable tolling to suits against the government brought under section 7426(a)(1), it would amount to a substantial broadening of the congressional waiver. Therefore, the reasoning of the Irwin Court is entirely unpersuasive with respect to section 6532(c). The provision at bar is similar to the tax provision considered in Brockamp and distinguishable from the Title VII limitation considered in Irwin, reinforcing the conclusion that section 6532(c) cannot be equitably tolled.

2. The Structure of Section 6532(c)

Second, like the time limitation at issue in Brockamp, but unlike the one at issue in Irwin, section 6532(c) "sets forth its time limitation[] in unusually emphatic form." Brockamp, 519 U.S. at 305. While the time limitation at issue in Irwin was permissive in nature, the time limitation at issue in Brockamp and the time limitation at issue in this case are not. Compare 42 U.S.C. S 2000e-16(c) (1990) ("[A]n employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in [42 U.S.C. S] 2000e-5.") (emphasis added) with 26 U.S.C. S 6511(b)(1) (1996) ("No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed . . . unless a claim for . . . refund is filed . . . within such period.") (emphasis added), and 26 U.S.C. S 6532(c)(1) (1996) ("No suit or proceeding . . . shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action.") (emphasis added). Thus the emphatic, non-permissive nature of the language in section 6532(c) also suggests that the time limitation at issue cannot be equitably tolled.

17

Moreover, like the time limitation at issue in Brockamp, but unlike the time limitation at issue in Irwin , section 6532(c) "sets forth explicit exceptions to its basic time limit[], and those very specific exceptions do not include equitable tolling." Brockamp, 519 U.S. at 251. Section 6511(d) establishes special time limit rules for refunds related to operating losses, credit carrybacks, foreign taxes, self-employment taxes, worthless securities, and bad debts. See 26 U.S.C. S 6511(d) (1996). Similarly, section 6532(c)(2) states that

> [i]f a request is made for the return of property described in section 6343(b), the 9-month period prescribed in [section 6532(c)(1)] shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter.

26 U.S.C. S 6532(c)(2) (1996). The existence of an explicit exception in section 6532(c)(2) to the generally applicable nine-month time limitation in section 6532(c)(1) further suggests that the nine-month time limitation in section 6532(c)(1) cannot be equitably tolled. Moreover, both the time limitation at issue in Brockamp and the time limitation at issue in this case are provisions of the Internal Revenue Code set forth at Title 26, Subtitle F, Chapter 66, entitled "Limitations." See 26 U.S.C. SS 6511, 6532(c) (1996); see also Brockamp, 519 U.S. at 352 ("Tax law, after all, is not normally characterized by case-specific exceptions reflecting individualized equities.").

3. The Underlying Subject Matter

Finally, like the time limitation at issue in Brockamp, "[t]he nature of the underlying subject matter--tax collection--underscores the linguistic point." Brockamp, 519 U.S. at 352. In light of the "more than 200 million tax returns" and "90 million refunds" that the IRS processes annually, the Brockamp Court was clearly concerned about the administrative burden the IRS would face if the Court permitted section 6511 to be equitably tolled. Id. While

wrongful levy claims undoubtedly compose a much smaller subset of taxpayer suits brought against the IRS than do claims for "credit or refund of an overpayment of any tax imposed by" the IRS,15 equitably tolling the time limitation in section 6532(c) could nevertheless pose serious administrative problems because anyone, not just the taxpayer in question, can bring a wrongful levy suit against the IRS. 26 U.S.C. S 6511(a) (1996); see Brockamp, 519 U.S. at 352 ("The nature and potential magnitude of the administrative problem suggest that Congress decided to pay the price of occasional unfairness in individual cases (penalizing a taxpayer whose claim is unavoidably delayed) in order to maintain a more workable tax enforcement system."). Compare 26 U.S.C. S 7422 (creating a cause of action for taxpayers seeking a refund from the IRS) (emphasis added), with 26 U.S.C. S 7426 ("If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.") (emphasis added).

Holding that section 6532(c) can be equitably tolled could open the floodgates to countless suits brought under section 7426 against the government by various third-party creditors laying claim to assets seized by the IRS many years after the expiration of the time limitation set forth in section 6532(c). Cf. Brockamp, 519 U.S. at 352. Thus, the potential for administrative problems alluded to by the Brockamp Court is arguably at least as, if not more acute in our case than in Brockamp because equitable tolling could lead to myriad, stale wrongful levy claims by various third parties. Cf. id. at 352–353.

In addition to potential administrative problems associated with countless wrongful levy suits brought against the IRS, we are mindful of the IRS's need for

_____

15. The time limitation at issue in Brockamp , set forth in section 6511, applies to claims for "credit or refund of an overpayment of any tax imposed by" the IRS. 26 U.S.C. S 6511(a) (1996).

certainty and finality when imposing a levy on the assets of a delinquent taxpayer. We also acknowledge that third parties with an interest in assets owned by delinquent taxpayers should be able to sue the IRS if it wrongfully imposes a levy on those assets. Nevertheless, in situations where the IRS imposes a levy on the assets of a delinquent taxpayer, only to discover that another party has a superior claim to the assets, the IRS will be forced to seek other assets to satisfy the tax liability in question. Were we to hold that section 6532(c) can be equitably tolled, we would delay the final disposition of competing claims in cases like this one and would jeopardize, perhaps even destroy, the IRS's ability to impose a levy on other assets owned by a delinquent taxpayer. Such an outcome is not only at odds with purpose behind 26 U.S.C. S 7426, but also the thrust of the Supreme Court's holding in Brockamp. See Brockamp, 519 U.S. at 352.16

D. Other Courts' Analysis of Equitable Tolling and Section 6532

Although the issue of whether the time limitation in section 6532(c) is a statute of limitations, which can be equitably tolled, or a jurisdictional bar, which cannot be

_____

16. Like the time limitation at issue in Irwin, but unlike the time limitation at issue in Brockamp, section 6532(c) uses "fairly simple language," rather than "highly detailed,""technical" language. Brockamp, 519 U.S. 350. Viewed in isolation, this fact suggests that like the time limitation at issue in Irwin, section 6532(c) can be equitably tolled. However, when the "fairly simple language" of section 6532(c) is considered in the context of the other facts discussed above, all of which indicate that Congress did not intend for section 6532(c) to be equitably tolled, it seems fairly clear that section 6532(c) cannot be equitably tolled. A holding to the contrary would be tantamount to concluding that if Congress were not to "set forth [] time limitations in a highly detailed
technical matter," id., all time limitations applicable to lawsuits against
the government, which are, as a matter of law, "condition[s] to the waiver of sovereign immunity," could be equitably tolled. Irwin, 498 U.S. at 94. Such a conclusion is untenable and is at odds with the Irwin Court's acknowledgment that statutes that are "a condition to the waiver of sovereign immunity must be strictly construed." Id.; see also, e.g., Lane v. Pena, 518 U.S. 187, 192 (1996) ("[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign.").

20

equitably tolled, is one of first impression in our circuit, four of our sister circuits have addressed this issue since the Supreme Court's holding in Irwin, with three of these circuits concluding that the time limitation set forth in section 6532(c) is a jurisdictional bar.17  The Second, Seventh, and Eighth Circuits have each concluded that section 7426(a)(1) is the exclusive remedy available to third parties asserting claims to property levied by the IRS and that the failure to file a timely claim as required by section 6532(c) deprives a federal district court of subject matter jurisdiction. See Miller v. Tony & Susan Alamo Found., 134 F.3d 910, 916 (8th Cir. 1998) ("The Millers do not dispute they failed to assert a timely S 7426(a)(1) wrongful levy claim on the Fort Smith/Nashville property, [and t]hus, the Millers' claim to the Fort Smith/Nashville property is outside the subject-matter jurisdiction of the district court."); Amwest Sur. Ins. Co. v. United States, 28 F.3d 690, 691 (7th Cir. 1994) (affirming the district court's dismissal of a wrongful levy action, untimely under section 6532(c), for lack of subject matter jurisdiction); Williams v. United States, 947 F.2d 37, 40 (2d Cir. 1991) (same). Several district courts have also held that section 6532(c) acts not as a statute of limitations but as a jurisdictional bar. See Compagnoni v. United States, No. 94-0813-CIV-MARCUS, 1997 WL 416482, at *3 (S.D. Fla. May 13, 1997) (denying a motion for reconsideration of the district court's earlier order dismissing a wrongful levy claim, untimely under section 6532(c), for lack of subject matter jurisdiction), aff'd on other grounds, 173 F.3d 1369 (11th Cir. 1999); Fanning v. United States, No. 1:95-CV-222-RCF, 1996 WL 343462, at *2 (N.D. Ga. Apr. 30, 1996) ("As the government points out, the statute of limitations set forth in I.R.C.S 6532(c) `acts not only as an affirmative defense, but also as a

_____

17. Ninth Circuit opinions on this issue are inconsistent. Compare Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995) (Hawkins, J.) (affirming the District Court's dismissal of a section 7426(a)(1) claim, untimely under section 6532(c), for lack of subject matter jurisdiction) with Supermail Cargo, Inc. v. United States, 68 F.3d 1204 1206 n.2 (9th Cir. 1995) (Reinhardt, J.) ("The district court erroneously believed the statute of limitations contained in S 26 U.S.C. 6532(c)(1) to be a jurisdictional prerequisite and, accordingly, dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.").

restriction of the district court's subject matter jurisdiction over an action that is untimely filed.' ") (citations omitted), aff'd mem., 117 F.3d 1432 (11th Cir. 1997); Hanna Coal Co., Inc. v. Internal Revenue Service, No. CIV.A.92-0071-B, 1994 WL 666928, at *1 (W.D. Va. Oct. 12, 1994) ("Therefore, if the statute of limitations espoused in 26 U.S.C. S 6532(c) has expired, then the United States' limited consent to be sued has also expired and this Court would not have proper subject matter jurisdiction over this matter."), vacated on other grounds, 1994 WL 762188, at *1 (W.D. Va. Nov. 18, 1994). But cf. Gothenburg State Bank & Trust Co. v. United States, No. 7:98CV5026, 1999 WL 314928, at *2 (D. Neb. Apr. 9, 1999) (stating without explanation that "failure to file a timely wrongful levy claim deprives the court of subject matter jurisdiction" but holding that section 6532(c) can be equitably tolled). Thus, the vast majority of federal courts to address squarely this issue have concluded that the time limitation in section 6532(c) is a jurisdictional bar that cannot be tolled, regardless of the equities in a given case, and that the failure to file a claim under section 7426(a)(1) prior to the expiration of the time limitation in section 6532(c) deprives the district court of subject matter jurisdiction.

Reinforcing the conclusion that a district court lacks subject matter jurisdiction to entertain a wrongful levy action that is untimely under section 6532(c) are decisions in four sister circuits holding that the failure tofile a timely claim as required by section 6532(a)18  deprives a federal court of subject matter jurisdiction. See RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461-63 (Fed. Cir. 1998) (holding that a taxpayer's failure to file a timely claim pursuant to section 6532(a) deprives the court of subject matter jurisdiction); Marcinkowsky v. United States, 206 F.3d 1419, 1421-22 (Fed. Cir. 2000) (same); Bartley v. United States, 123 F.3d 466, 471-72 (7th Cir. 1997) (stating that unless the taxpayer files a timely claim under section 6532(a), "a court lacks subject matter jurisdiction over a suit for refund"); Miller v. United States , No. 96-2787, 1997

_____

18. Section 6532(a) governs claims "under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum." 26 U.S.C. S 6532(a) (1996).

22

WL 381958, at *1–*2 (4th Cir. July 11, 1997) (unpublished opinion) ("Miller appeals from the district court's order dismissing his tax refund suit for lack of subject matter jurisdiction because he failed to file his suit within the two-year statute of limitations provided by I.R.C. S 6532(a)[; w]e affirm."); Oatman v. Department of Treasury–Internal Revenue Service, 34 F.3d 787, 789 (9th Cir. 1994) ("The district court lacks jurisdiction over claims for refunds pressed by any potential class members who have not satisfied the procedural requirements of 26 U.S.C.SS 6532 and 7422."). While 26 U.S.C. S 6532(c) is less detailed and less complex than 26 U.S.C. S 6532(a),19 in all other relevant respects, 26 U.S.C. S 6532(c) is more like 26 U.S.C.

_____

19. Section 6523(a) states:

(a) Suits by taxpayers for refund.--

    (1) General rule.--No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

    (2) Extension of time.--The 2-year period prescribed in paragraph (1) shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary.

    (3) Waiver of notice of disallowance.--If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2-year period prescribed in paragraph (1) shall begin on the date such waiver is filed.

    (4) Reconsideration after mailing of notice.--Any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.

    (5) Cross reference.--For substitution of 120-day period for the 6-month period contained in paragraph (1) in a title 11 case, see section 505(a)(2) of title 11 of the United States Code.

26 U.S.C. S 6532(a) (1986).

23

S 6532(a) than 42 U.S.C. S 2000e-16(c). Like section 6532(a), section 6532(c) applies only to suits brought against the government, sets forth its time limitations in unusually emphatic form, sets forth explicit exceptions to its basic time limitations (exceptions which do not include equitable tolling), and is a provision of the Internal Revenue Code set forth in Title 26, Subtitle F, Chapter 66, section 6532, entitled "Periods of limitations on suits." Moreover, like section 6532(a), were section 6532(c) equitably tolled, the IRS could be forced to litigate countless, stale claims, thus creating "serious administrative problems." These similarities suggest that like the time limitation set forth in section 6532(a), the time limitation set forth in section 6532(c) cannot be equitably tolled.

For the foregoing reasons, we conclude that a careful reading of Irwin and Brockamp leads ineluctably to the conclusion that Congress did not intend for the time limitation in section 6532(c) to be equitably tolled. Consistent with opinions in our sister circuits, we hold that the failure to file a timely wrongful levy claim prior to the expiration of the time limitation in section 6532(c) deprives the district court of subject matter jurisdiction. Cf. Irwin, 498 U.S. at 91 ("We granted certiorari to determine when the 30-day period under S 2000e-16(c) begins to run and to resolve the Circuit conflict over whether late-filed claims are jurisdictionally barred."); Perez v. United States, 167 F.3d 913, 915-18 (5th Cir. 1999) (noting that the Brockamp Court concluded that section 6511 was a jurisdictional time limitation that could not be equitably tolled); RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461-63 (Fed. Cir. 1998) (holding that like the time limitation in Brockamp, a taxpayer's failure to file an timely claim pursuant to section 6532(a) deprives the court of subject matter jurisdiction); Calderon v. United States District Court for the Central District of California, 128 F.3d 1283, 1288 n.4 (9th Cir. 1997) ("In [United States v. ]Brockamp , the [Supreme] Court held that a time-limit on filing tax refund claims was a jurisdictional bar, not a tollable statute of limitations.").

IV. CONCLUSION

Because BDC's claim, brought pursuant to section 7426(a)(1), was filed after the time limitation set forth in

24

section 6532(c) had expired, and because the time limitation set forth in section 6532(c) is a jurisdictional bar, which cannot be equitably tolled, we will remand the case to the District Court with instructions to dismiss the case for lack of subject matter jurisdiction.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

25